# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THEO E. MUHAMMAD, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 3:10-cv-00528 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Brown |
| MODERN MOVERS LLC d/b/a TWO MEN ) | |
| AND A TRUCK and OWEN SADLER, ) | JURY DEMAND |
| ) | |
| *Defendants.* ) | |

## ORDER

Pending before the Court are Defendant Owen Sadler's Motion to Dismiss (Doc. No. 5) ("Sadler's Motion") and Defendant Modern Movers LLC d/b/a Two Men and a Truck's ("Two Men and a Truck" or "the company") ("I Motion to Dismiss Count III of the Amended Complaint (Doc. No. 24) ("Two Men and a Truck's Motion"). Both Motions rely on the same Memorandum in Support (Doc. No. 6). Plaintiff Theo E. Muhammad filed a Response in Opposition (Doc. No. 10) as well as a Memorandum in Support (Doc. No. 11), to which Sadler filed a Reply (Doc. No. 14).

For the reasons state below, the Court **GRANTS** Sadler's Motion and Two Men and a Truck's Motion.

**I.  BACKGROUND**

   *A. Factual Background[1]*

---

[1] All facts are drawn from Plaintiff's Amended Complaint Against All Defendants (Doc. No. 17) and Defendant's Complaint Against Two Men and a Truck (Doc. No. 19) unless otherwise noted. These two documents appear to be identical.

1

Plaintiff, a resident of Maury County, Tennessee, is a former employee of Two Men and a Truck, a business whose principal office is located in Franklin, Tennessee. The company hired Plaintiff as a mover on an at-will basis in July of 2008. Plaintiff contends that he was an exemplary employee, without any write-ups or suspensions, and received many positive reviews. He claims to have averaged two "damages" per year while working for the company, lower than the industry average of two damages per month.

During Plaintiff's employment with Two Men and a Truck, Defendant Owen Sadler was the company's general manager. Plaintiff asserts that Sadler would often ask co-workers about Plaintiff's performance and would become irritated when they said positive things about him. On June 30, 2009, Plaintiff was called into a meeting with co-worker James Day. While in the meeting, both workers were reprimanded for their work performed on a job. After the meeting, Sadler began harassing Plaintiff and stated that all of the other employees did not like him. Sadler then yelled at Plaintiff, "I don't like you because you are black and Muslim." Plaintiff claims that Sadler then fired Plaintiff because he was black and Muslim, and continued to yell profanities at him while kicking him out of the store. Plaintiff asserts that "[t[he person who made the decision to terminate [him] was . . . Sadler," but also that "Sadler convinced . . . Two Men and a Truck to fire Plaintiff because of his race and his religion."

Plaintiff alleges in Count I that he was terminated and subjected to a hostile work environment based on his race and religion[2] in violation of Title VII of the Civil Rights Act of

---

[2] At one point in Plaintiff's Amended Complaint(s) (Doc. Nos. 17 & 19 at 5), he references experiencing a hostile work environment based on his "gender and religion," even though no mention was made in his factual allegations regarding gender discrimination. Other explanations of Plaintiff's claims (in the Complaint and elsewhere, such as Plaintiff's Memorandum in Support of his Response (Doc. No. 11 at 4)) refer to discrimination on the basis of race and religion, not gender. The Court is convinced that this inclusion of "gender" is a typographical error on the part of Plaintiff's former attorney, as is the mention of "Defendant Acacia Dermatology" on the same page of the

2

1964, 42 U.S.C. § 2000, *et seq.*, a claim against Two Men and a Truck.  In Count II, Plaintiff asserts that Sadler violated § 4-21-301 of the Tennessee Human Rights Act (THRA), because Sadler "aided, abetted, incited, compelled, and commanded Defendant [Two Men and a Truck] to terminate him because of his race and religion."  Lastly, in Count III, Plaintiff asserts he is entitled to relief under the common law for retaliatory discharge because he was terminated after he attempted to exercise his right to freedom of religion.

*B. Procedural Background*

Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue on March 6, 2010.  (Doc. No. 1-1.) He then filed this action on May 28, 2010.  (Doc. No. 1.)  Sadler's Motion (Doc. No. 5) and a Memorandum in Support (Doc. No. 6) were filed on July 12, 2010.  Plaintiff's Response in Opposition (Doc. No. 10) and Memorandum in Support (Doc. No. 11) were filed on July 26, 2010), and Defendant Sadler filed his Reply on July 29, 2010 (Doc. No. 14).

Subsequently, Plaintiff filed an Amended Complaint Against All Defendants (Doc. No. 17) on August 6, 2010, and an Amended Complaint Against Modern Movers (Doc. No. 19) on September 2, 2010, which appear to be identical documents.  On November 3, 2010, Defendants filed Two Men and a Truck's Motion (Doc. No. 24), which relied on the earlier Memorandum in Support filed with Sadler's Motion.  No response was filed.

On February 23, 2011, the Court issued an Order allowing Plaintiff's counsel to withdraw from this case (Doc. No. 27); no other attorney has appeared in this case on Plaintiff's behalf.

**II.    LEGAL STANDARD**

---

Amended Complaint.  Acacia Dermatology is not listed as a party in this case and the Court sees no reason why it would be, as the workplace in question is a moving company, not a dermatologist's office.

To withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege "[e]nough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Most recently, the Supreme Court clarified the standard in *Ashcroft v. Iqbal*, stating "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. 1937, 1949 (2009). Plausibility requires "[m]ore than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'[m]erely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of entitlement to relief." *Id.* (quoting *Twombly,* 550 U.S. at 546). The moving party has the burden of proving that Plaintiff has not stated a claim. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008).

When ruling on a defendant's motion to dismiss, the Court "[c]onstrue[s] the complaint liberally in the Plaintiffs' favor and accept[s] as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). The Court must allow "[a] well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly,* 550 U.S. at 556 (quoting *Schuer v. Rhodes*, 534 U.S. 232, 236 (1974)).

### III. ANALYSIS

#### A. *Sadler's Motion to Dismiss*

In his Motion, Sadler asserts that the allegations against him under Title VII and the THRA (Counts I and II, respectively) should be dismissed because these statutes do not provide for individual liability and because Plaintiff's claim of retaliatory discharge (Count III) did not

4

meet the pleading standards of Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) In Plaintiff's Response, he conceded his claims against Sadler under Title VII and on the basis of common law retaliation, but indicated that the Amended Complaint still contained a THRA claim against Sadler individually. (Doc. No. 10.) Plaintiff's Memorandum in Support of this Response argues exclusively that there exists a cause of action against an individual under the THRA for aiding and abetting discrimination and that his pleadings supported this cause of action, such that Sadler is not entitled to a dismissal with respect to this claim. (Doc. No. 11.) Because it appears that the Amended Complaint eliminated claims against Sadler in Counts I and III, his Motion is **MOOT** with respect to those Counts and need only be considered with respect to Count II, Plaintiff's THRA claim.

The basis of Plaintiff's remaining claim against Sadler is the THRA's provision that "[i]t is a discriminatory practice for a person or for two (2) or more persons to: . . . (2) aid, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter." Tenn. Code Ann. § 4-21-301. The term "person" refers to "one (1) or more individuals, governments, governmental agencies, public authorities, labor organizations, corporations, legal representatives, partnerships, associations, trustees, trustees in bankruptcy, receivers, mutual companies, joint stock companies, trusts, unincorporated organizations or other organized groups of persons." Tenn. Code Ann. § 4-21-102(14). In light of this statutory language, the Tennessee Supreme Court has found that "an individual who aids, abets, incites, compels or commands *an employer* to engage in employment-related discrimination has violated the THRA." *Carr v. United Parcel Serv.*, 955 S.W.2d 832, 836 (Tenn. 1997) (emphasis added), *overruled in part by Parker v. Warren Cnty. Util. Dist.*, 2 S.W.3d 170 (Tenn. 1999) (altering standard as to vicarious liability for hostile work environment under the THRA to conform to decisions in *Burlington Indus., Inc. v.*

5

*Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), without reference to individual liability).

Plaintiff has alleged that Sadler "convinced" Two Men and a Truck to fire Plaintiff for discriminatory reasons in his Amended Complaint, despite simultaneously claiming that "*Sadler* then fired Plaintiff for no reason other than the fact he was 'black and Muslim'" and also that *"[t]he person who made the decision* to terminate the Plaintiff was Defendant Owen Sadler." (Doc. Nos. 17 & 19 at 4 (emphasis added).) Plaintiff does not actually allege that Two Men and a Truck fired him. Indeed, his Amended Complaint (filed subsequent to Sadler's Motion, which argued against the existence of individual liability under the THRA) only alters the factual allegations in relevant part by adding that Sadler "convinced" the company to fire him, and then elaborates on the existence of liability for aiding and abetting discrimination in Count II. Although his Motion initially asserted the lack of individual liability under the THRA, Sadler abandons that argument in his Reply and instead makes the argument that Count II should be dismissed because "Plaintiff's bald and conclusory assertion that Sadler, in some unknown way, convinced some unknown person with the employer to terminate Plaintiff's employment fails to meet the minimal pleading standards required by [*Twombly*]." (Doc. No. 14 at 2.) Sadler points out, aptly, that "Plaintiff's factual allegations simply state that Sadler acted alone in firing Plaintiff. Accordingly, Sadler aided and abetted no one." *Id.* at 3.

Under *Iqbal*, a complaint must state a "plausible" claim for relief, not simply a "possible" one, and a complaint that pleads facts "'[m]erely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 546). The Court agrees with Sadler's assertion that Plaintiff's pleadings are inadequate with respect to his THRA claim against Sadler individually. Plaintiff has not made out a plausible claim for relief, but has instead pled a single fact consistent

6

with Sadler's liability—that he "convinced" Two Men and a Truck to fire Plaintiff—that is wholly inconsistent with all other allegations in the Amended Complaint.

Although the Court reads the Complaint liberally and takes Plaintiff's assertions to be true, the clear conflict between the allegation about "convincing" and the rest of Plaintiff's factual claims (*i.e.*, that Sadler terminated Plaintiff) renders implausible the prospect of relief against Sadler individually for aiding and abetting discrimination. It is implausible (perhaps even impossible), without further information about Sadler's role in the company, that he was "the person" who decided to fire Plaintiff, yet also "convinced" the company to fire him. After all, Plaintiff was only fired once, and only Sadler is alleged to have fired him—not Two Men and a Truck. The Amended Complaint does not provide the Court with enough information to infer that Sadler, allegedly the company's general manager, did any "convincing" of another person or entity in the process Plaintiff's firing in order to establish the aiding, abetting, compelling or commanding that will allow individual liability under the THRA.

Thus, the having already found Sadler's Motion to be moot as to Counts I and III, the Court now **GRANTS** the Motion as to Count II because Plaintiff has failed to adequately plead his case against Sadler under the THRA so as to have a "plausible" claim for relief.

B. *Two Men and a Truck's Motion to Dismiss Count III of the Amended Complaint*

Two Men and a Truck filed their Motion to Dismiss Count III of the Amended Complaint on November 3, 2010. Plaintiff did not file a response during the four months after the filing of this motion where he still had retained counsel, and has not filed a response in the since his attorney withdrew from the case, either. Under Local Rule 7.01(b), a response to a motion (other than a motion for summary judgment) must be filed within fourteen days, and "[f]ailure to file a

7

timely response shall indicate that there is no opposition to the motion." In light of this rule, the Court considers the November 3, 2010 Motion to be unopposed, and hereby **GRANTS** it.

**IV.** **CONCLUSION**

For the reasons stated above, Court hereby finds **MOOT in part** and **GRANTS in part** Sadler's Motion. The Court **GRANTS** Two Men and a Truck's Motion. As such, Sadler is dismissed entirely from this action, and only Count I remains against Two Men and a Truck.

Finally, Plaintiff is advised that if he seeks to proceed in this case with counsel, counsel must notify the Court of his or her appearance within thirty days of service of this Order.

It is so ORDERED.

Entered this the ___31st_____ day of March, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT